**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BONTLE SIPHO KHOZA,

    *Plaintiff*,

    v.

DISTRICT OF COLUMBIA,

    *Defendant*.

Civil Action No. 1:25-cv-2433 (UNA)

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1 ("Compl."), and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application and, for the reasons discussed below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss an action at any time if it determines that it is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff appears to sue the District of Columbia. *See* Compl. at 3. He does not provide any of his contact information beyond his email address, in contravention of D.C. Local Civil Rule 5.1(c)(1), and he indicates that he is currently homeless. *See id.* at 1. While the Court is certainly

1

sympathetic of his circumstances, there is no way to communicate with Plaintiff regarding this case without an address, particularly given his *pro se* status.

Plaintiff's allegations fare no better. He cites, without explanation, to random laws and other legal authority, *see id.* at 3, and alleges that "while [he was] on the court of appeals floor . . . at 9 AM, [his] consciousness is being imposed upon [and] being raped by the segments of verbal communication surrounding this floor include complete silence, direct of [him] finding out about the appeal order of separate current & ongoing care," *see id.* at 4. He demands $300 billion in damages "specific as the reality imposed on [his] consciousness." *See id.*

The Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant Complaint satisfies this standard.

Accordingly, the Complaint and this case are dismissed without prejudice. Plaintiff's Motion to Communicate with Magistrate Judge, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.


DATE: October 17, 2025

_____
CARL J. NICHOLS
United States District Judge